

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Q. McAdams
Banking Commissioner of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4654
Re: Stock certificates of minors
in building and loan associa-
tions are not chargeable with
losses, and related matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"A building and loan association incorporat-
ed under the laws of this State is now in the
process of liquidation under the provisions of
Article 881a-55. It now develops that the assets
will not produce sufficient cash to pay off all
the stockholders in full. During the course of
the association's operations as a going concern,
it issued stock certificates in favor of minor
persons, . . . and other certificates in favor
of guardians of minors. These certificates in
no wise differed from other certificates issued
by the corporation except for the fact that they
were issued in favor of minors or guardians.

"Your attention is directed to the provisions
of Article 881a-36 (e) to the effect that juvenile
shares shall not be chargeable with losses of any
kind.

"Please advise us whether or not in the dis-
tribution of the funds of the above mentioned
association it should pay the full withdrawal
value on shares issued to minors or to guardians,
or should the holders of these shares participate
prorata with other stockholders in proportion to
their withdrawal value.

". . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 881a-36, Vernon's Annotated Texas Civil
Statutes, reads in part as follows:

"All building and loan associations, when
provided in its by-laws, may issue different
classes of shares and share accounts as provid-
ed herein:

". . .."

"(e)  Juvenile shares may be issued in the
name of any minor.  Such shares shall be held
for the exclusive right and benefit of the minor
and free from the control or lien of any other
persons.  The dues paid upon these shares, together
with the dividends credited thereto, may be with-
drawn in whole or in part by the person in whose
name they were issued during his minority and
his receipt or acquittance shall be a valid and
sufficient release and discharge to the associa-
tion for such accumulated dues, together with
the dividends credited thereon, or any part
thereof.  Juvenile shares shall not be subject
to any membership or withdrawal fees of any
nature, or to fines for failure to pay dues punc-
tually, nor shall the holder thereof be required
to make regular or specific payments.  Such shares
shall not be chargeable with losses of any kind,
nor shall they entitle the holder to vote at
any meeting of the shareholders.  Such shares
may be credited with dividends at a rate not
less than sixty (60%) per centum of the rate of
dividends apportioned and credited to install-
ment shares, as the by-laws shall provide.  The
matured value of all the juvenile shares issued
by an association shall not exceed in the aggre-
gate at the time of issue, twenty-five (25%)
per centum of the aggregate matured value of exist-
ing shares of all other classes.

". . ."

Article 881a-58, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"Whenever the losses of any building and
loan association, resulting from depreciation
in value of its securities or otherwise, exceed

its contingent reserve fund, undivided profits and current earnings, so that the estimated value of its assets is less than the total amount due its members, the Banking Commissioner of Texas upon petition of such building and loan association, may order a reduction of its liability to its members, _except upon juvenile shares_, in such manner as to distribute the loss equitably among such members. If thereafter, such association shall realize from such assets a greater amount than was fixed in the order of reduction, such excess shall be divided among members whose credits were so reduced, but to the extent of such reduction only." (Underscoring ours)

It is our opinion that the full withdrawal value on juvenile shares should be paid to minors or guardians, as the case may be, in the distribution of the funds of the above mentioned building and loan association.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUN 24, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN